﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 190420-54265
DATE: January 30, 2020

ORDER

Entitlement to special monthly compensation based on aid and attendance and/or housebound status is denied.

FINDING OF FACT

The record evidence shows that the Veteran is not in need of the regular aid and attendance of another person and is not housebound as a result of his service-connected disabilities.

CONCLUSION OF LAW

The criteria for special monthly compensation based on the need for aid and attendance/housebound status have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.350, 3.352.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1960 to May 1981. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran selected the Evidence Submission lane without a Board hearing when he opted into the Appeals Modernization Act (AMA) review system in April 2019. Accordingly, the Board will only consider the evidence of record at the time of the April 2019 rating decision, and evidence submitted within 90 days of the Veteran’s election of the Evidence Submission lane.

SMC: Aid and Attendance/Housebound 

A veteran who, as the result of service-connected disability, has suffered the anatomical loss or loss of use of both feet, one hand and one foot, or is blind in both eyes, with 5/200 visual acuity or less or is permanently bedridden or so helpless as to be in need of regular aid and attendance under criteria set forth in 38 C.F.R. § 3.352(a) shall receive the provided level of compensation. 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b).

Under the provisions of 38 C.F.R. § 3.352(a), the criteria to establish a factual need for aid and attendance include the inability of the veteran to dress or undress himself; to keep himself ordinarily clean and presentable; whether he requires frequent adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid; inability to feed himself; inability to attend to the wants of nature; or incapacity that requires assistance on a regular basis to protect the claimant from hazards or dangers incident to his daily environment. 

It is not required that all of the disabling conditions enumerated in 38 C.F.R. § 3.352(a) be found to exist before a favorable rating may be made. The particular personal functions which the veteran is unable to perform should be considered in connection with his condition as a whole. It is only necessary that the evidence establish that the veteran is so helpless as to need regular aid and attendance, not that there is a constant need. 38 C.F.R. § 3.352(a); see also Turco v. Brown, 9 Vet. App. 222, 224 (1996) (holding that at least one factor listed in § 3.352(a) must be present for a grant of SMC based on need for aid and attendance).

For the purposes of 38 C.F.R. § 3.352(a), “bedridden” will be a proper basis for the determination of whether the Veteran is in need of regular aid and attendance of another person. “Bedridden” will be that condition which, through its essential character, actually requires that the claimant remain in bed. The fact that claimant has voluntarily taken to bed or that a physician has prescribed rest in bed for the greater or lesser part of the day to promote convalescence or cure will not suffice. 38 C.F.R. § 3.352(a).

SMC also is payable where the Veteran has a single service-connected disability rated as 100 percent and (1) has additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems, or (2) is permanently housebound by reason of service-connected disability or disabilities. This requirement is met when the Veteran is substantially confined as a direct result of service-connected disabilities to his or her dwelling and the immediate premises or, if institutionalized, to the ward or clinical areas, and it is reasonably certain that the disability or disabilities and resultant confinement will continue throughout his or her lifetime. 38 U.S.C. § 1114(s); 38 C.F.R. § 3.350(i).

An October 2018 Housebound Status or Permanent Need for Regular Aid and Attendance examination report noted a diagnosis of spinal stenosis and lumbar radiculopathy and indicated that the Veteran was able to feed himself, bathe and tend to other hygiene needs without assistance. The report concluded the Veteran required assistance for meal preparation, house cleaning (such as mopping floors and running a vacuum) and basic home maintenance. He was not legally blind, nor did he require nursing home care or medication management. The report noted the Veteran sat in a 30 degree flexed position, moved very frequently and was in obvious pain, and had severe limitations of his spine and hips. He required ambulation devices (such as long crutch and motorized device in stores) to walk and was noted as “at high risk for falls.” Although his upper extremity abilities were noted as intact, he could not perform any tasks with both hands, as he required at least one arm with which to balance. With assistance, the Veteran was not limited on how often he could leave his home.

VA treatment records dated from 2017 to 2018 reflect the Veteran scored generally high scores, indicative of “independent” functioning in activities of daily living (ADLs) and instrumental ADLs (iADLs), during the two times he underwent the Katz Index of Independence in ADLs and Lawton Instrumental ADLs Scale. Although the Veteran complained of pain from lumbar disc disease and used hearing aids, mental status examinations consistently reflected that he was alert, oriented, well-groomed, well-developed, and in no acute distress, with intact memory. 

In this case, the Veteran’s service connected disabilities include right lower extremity radiculopathy associated with lumbar spine degenerative disc disease (DDD), rated as 20 percent disabling; lumbar spine DDD, tinnitus, and left lower extremity radiculopathy associated with lumbar spine DDD, each rated as 10 percent disabling; and status post left talus fracture, hemorrhoids and bilateral hearing loss, each rated as 0 percent disabling.

With the above criteria and medical evidence in mind, the Board initially finds that the Veteran does not, as the result of his service-connected disorders, suffer the anatomical loss or loss of use of both feet, one hand and one foot, or have visual impairment sufficient to merit aid and attendance. See 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b). Although the October 2018 Housebound Status or Permanent Need for Regular A&A examination found that the Veteran cannot perform any tasks with both hands, as he requires at least one arm to balance with, there is no evidence that he suffers the anatomical loss of use of one hand. The Board notes that the Veteran has not asserted otherwise.

In addition, the Veteran is not service-connected for a disability that requires frequent adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid. 38 C.F.R. § 3.352(a).

As to a factual need for aid and attendance, the examination report indicates that the Veteran is unable to prepare his own meals and clean or maintain his home, and has significant mobility problems and severe orthopedic impairments of the spine and upper and lower extremities. The Board notes the Veteran’s caretaker, who is also his daughter, reported that the Veteran will “incur a lot of bills,” because she will not be able to continue to care for him; however, she does not elaborate on the Veteran’s functioning or lack thereof. 

In this case, the most competent and probative medical evidence of record, to include the October 2018 Housebound Status or Permanent Need for Regular A&A examination, and the VA treatment records dated from 2017 to 2018, demonstrates that the Veteran is not permanently bedridden and/or so helpless as to be in need of regular aid and attendance under criteria set forth in 38 C.F.R. § 3.352(a) as a result of his service-connected disabilities. Indeed, the December 2018 Housebound Status or Permanent Need for Regular A&A examination report likewise found severe restrictions and mobility limitations involving the lumbar spine/upper and lower extremities and the consequent need for assistance with preparing meals and cleaning and maintaining his home; however, no medical evidence demonstrated that the Veteran was bedridden or so helpless due to his service-connected disabilities, including spinal and radiculopathy symptoms, as to be in need of aid and attendance under the criteria under 38 C.F.R. § 3.352(a). 

Thus, no examiner or treatment provider has found that the Veteran is unable dress/undress or feed himself; keep himself clean; attend to the wants of nature; or has such incapacity that requires assistance on a regular basis to protect him from hazards or dangers incident to his daily environment as a result of his service-connected disabilities. 

The Board also finds that the Veteran does not meet the criteria for SMC based on housebound status, as he is not rated at 100 percent for any service-connected disability. Furthermore, there is no evidence to suggest that he is permanently and substantially confined to his immediate premises due to any service-connected disability. No examiner has found him to be permanently housebound as a direct result of his service-connected disabilities. 

Based on the forgoing, the Board finds that the most probative evidence of record shows that the Veteran does not require care or assistance on a regular basis due to any service-connected disability, either with his ADLs or to protect himself from hazards or dangers incident to his daily environment. The record also does not show the Veteran is bedridden or permanently housebound. This has been the case at all times during the pendency of the appeal. Therefore, the claim for SMC based 

 

on the need for aid and attendance or housebound status is denied. 38 U.S.C. § 1114(l); 38 C.F.R. §§ 3.350(b), 3.352(a).

 

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Norwood, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.